### ABRAMS, (ISAACS v.)

[See Isaacs v. Abrams, Case No. 7,095.]

---

## Case No. 21.

### ABRANCHES et al. v. SCHELL.

[4 Blatchf. 256.][1]

Circuit Court, S. D. New York. Jan. 5, 1859.

REMOVAL OF CAUSES—REVENUE LAWS—ACT
MARCH 2, 1833.

1. Where a defendant sued in a state court,
applied to this court by petition, praying for the
removal of the suit to this court, under the
3d section of the act of March 2d, 1833, (4
Stat. 633,) on the ground that the suit was
for acts done by him under the revenue laws
of the United States, and obtained a certiorari

---

[1][Reported by Hon. Samuel Blatchford, Dis-
trict Judge, and here reprinted by permission.]

from this court to the state court, to certify
the proceedings on file in that court, and the
clerk of the state court returned that there
were no proceedings on file in his office in the
suit, and the defendant's attorney then entered
a rule in this court for the plaintiff to de-
clare in twenty days, and notice of the rule
was served on the plaintiff's attorneys, who ad-
mitted service of it, but failed to declare,
and a judgment as in case of nonsuit was then
entered against the plaintiff: *Held*, that such
judgment was regular.

2. The admission by the plaintiff's attorney,
of service of the rule to declare, waived any
informality attending the removal of the cause
to this court.

3. All that the statute requires is, that it
shall appear, from the petition, that the de-
fendant was sued on account of acts done by
him under the revenue laws of the United
States. It does not require a statement of
the cause of action or the kind of process.

4. The writs of certiorari and habeas corpus
provided for by the statute are neither of them
required for the removal of the cause to this
court.

[See note at end of case.]

[5. Cited in Fisk v. Union Pac. R. Co.,
Case No. 4,827, to the proposition that the writ
of certiorari is merely a mode of notifying
the state court, and that, in the absence of
certified copies of the proceedings from the
state court, the same may be supplied by affi-
davit.]

[At law. On motion to set aside the judg-
ment. Denied.]

This was an action against the collector
of the port of New York. It was originally
commenced in the superior court of the city
of New York. On the 10th of April, 1858,
the defendant presented a petition to this
court, which was filed with the clerk, set-
ting forth that he was, prior to the com-
mencement of the suit, collector of the cus-
toms for the port and district of New York,
that a suit had been commenced against him
by the plaintiffs in the superior court of the
city of New York, for and on account of
acts done by him under the revenue laws of
the United States, and as such collector, and
that no trial had been had in the cause, and
praying that, in pursuance of the 3d section
of the act of congress of March 2d, 1833,
(4 Stat. 633,) the suit might be removed from
the superior court, and be entered on the
docket of this court, and be thereafter pro-
ceeded with as a cause originally commenced
in this court. The petition was duly verified
by the defendant, by affidavit, and was duly
certified to by an attorney and counsellor,
as required by said act, and the suit was
thereupon entered on the docket of this
court. On the 19th of June, 1858, a rule
was entered by the defendant, in the com-
mon rule book, in the office of the clerk of
this court, requiring the plaintiffs to declare
within twenty days after service of notice
of such rule, or be non-prossed. On the
same day, a written notice of the entry of
such rule was served on the attorneys for
the plaintiffs, and they admitted in writing
service of such notice. The plaintiffs not
having declared, the defendant entered a

judgment as in case of nonsuit against the plaintiffs, and the plaintiffs now moved to set aside such judgment for irregularity.

Welcome R. Beebe, for plaintiffs.

James F. Dwight, Asst. Dist. Atty, for defendant.

INGERSOLL, District Judge. The power to remove into this court a suit which has been commenced in a state court, against any officer of the United States, for or on account of any act done under the revenue laws of the United States, or under color thereof, or for or on account of any right, authority or title set up or claimed by such officer, under such laws, is contained in the 3d section of the act of congress of March 2, 1833. (4 Stat. 633.) That section provides as follows: "That, in any case where suit or prosecution shall be commenced in a court of any state, against any officer of the United States, or other person, for or on account of any act done under the revenue laws of the United States, or under color thereof, or for or on account of any right, authority or title set up or claimed by such officer, or other person, under any such law of the United States, it shall be lawful for the defendant in such suit or prosecution, at any time before trial, upon a petition to the circuit court of the United States in and for the district in which the defendant shall have been served with process, setting forth the nature of said suit or prosecution, and verifying the said petition by affidavit, together with a certificate, signed by an attorney or counsellor at law of some court of record of the state in which such suit shall have been commenced, or of the United States, setting forth, that, as counsel for the petitioner, he has examined the proceedings against him, and has carefully inquired into all the matters set forth in the petition, and that he believes the same to be true, which petition, affidavit and certificate shall be presented to the said circuit court, if in session, and, if not, to the clerk thereof, at his office, and shall be filed in said office, and the cause shall thereupon be entered on the docket of said court, and shall be thereafter proceeded in as a cause originally commenced in that court; and it shall be the duty of the clerk of said court, if the suit were commenced in the court below by summons, to issue a writ of certiorari to the state court, requiring said court to send to the said circuit court the record and proceedings in said cause; or, if it were commenced by capias, he shall issue a writ of habeas corpus cum causa, a duplicate of which said writ shall be delivered to the clerk of the state court, or left at his office, by the marshal of the district or his deputy, or some person duly authorized thereto; and, thereupon, it shall be the duty of the said state court to stay all further proceedings in such cause, and the said suit or prosecution, upon delivery of such process, or leaving the same as aforesaid, shall be deemed and taken to be moved to the said circuit court, and any further proceedings, trial or judgment therein, in the state court, shall be wholly null and void. And, if the defendant in any such suit be in actual custody on mesne process therein, it shall be the duty of the marshal, by virtue of the writ of habeas corpus cum causa, to take the body of the defendant into his custody, to be dealt with in the said cause according to the rules of law, and the order of the circuit court, or of any judge thereof in vacation. And all attachments made, and all bail and other security given upon such suit or prosecution, shall be and continue in like force and effect as if the same suit or prosecution had proceeded to final judgment and execution in the state court. And if, upon the removal of any such suit or prosecution, it shall be made to appear to the said circuit court, that no copy of the record and proceedings therein, in the state court, can be obtained, it shall be lawful for said circuit court to allow and require the plaintiff to proceed de novo and to file a declaration of his cause of action, and the parties may thereupon proceed as in actions originally brought in said circuit court, and, on failure of so proceeding, judgment of non pros. may be rendered against the plaintiff, with costs for the defendant."

The act of congress provides that the petition for the removal of a suit commenced in a state court, shall be to the circuit court of the United States in and for the district in which the defendant shall have been served with process. It is now urged by the plaintiffs, that the suit was not lawfully removed to this court, for the reason that it nowhere appears in the petition of the defendant where he was served with process: and that, for aught that appears, he might have been served with process somewhere in the northern district of New York, in which case the petition should be to the circuit court of the United States in and for that district. It would not be a very violent presumption, to presume that the process for a suit in the superior court of the city of New York, was served in the district where the defendant dwelt, which is in the southern district of New York. But it is not necessary to dispose of this technical question by a resort to any such presumption; for, by the course which the plaintiffs have adopted in reference to this suit, since it was entered on the docket of this court, to be proceeded with as a cause originally commenced in this court, they have waived this technical question, even if they could once have taken advantage of it. The attorneys for the plaintiffs, by the written admission which they gave, of service of notice of the entry of the rule to declare, admitted the cause to be regularly in this court. They treated it as having been regularly removed. . They waived any informality attending its removal. It is now

too late for them to urge the informality upon which they rely. If they had wished to rely upon the informality which they now present, they should have brought it to the attention of the court, before, by their act, they admitted the cause to be regularly in this court.

It is claimed, also, that it should appear, from the petition for a removal, what the particular cause of action was. All that is required by the law is, that it should appear, from the petition, that the defendant was sued for and on account of acts done by him under the revenue laws of the United States, or under color thereof. This expressly appears by the petition. It is also claimed, that the particular kind of writ or process should be stated. This the law does not require.

The cause can be removed from the state court without the aid of the certiorari or the habeas corpus mentioned in the act. Neither of them is required to remove the cause. They are issued by the clerk, and are intended to bring up the record and other proceedings from the state court, and to notify the state court that the cause has been removed, so that no further proceedings may be had in the state court. The cause is first removed, and then, after it has been removed, the certiorari or the habeas corpus issues, for the above-named purposes.

In the present case, after the cause had been removed, the certiorari was issued by the clerk of this court. To it the clerk of the superior court made a return, that there were no proceedings on file in the cause in his office. It then became the duty of this court to require the plaintiffs to proceed de novo, and to file a declaration of their cause of action; and thereupon the law made it the duty of the parties to proceed as in actions originally brought in this court. In actions originally brought in this court, it is the duty of the plaintiffs to file their declaration in pursuance of the rules. In this case, the plaintiffs were required to file their declaration in pursuance of the rules. For failing to file their declaration, a judgment as in case of nonsuit was entered.

It is insisted by the plaintiffs, that the certiorari should be served on the clerk of the superior court by leaving with him a duplicate of the same, and that a service by copy will not answer the requirements of the law. By the return of the marshal it appears that the certiorari was served on the clerk of the superior court by leaving with him a duplicate of the same.

With this view of the subject, the motion to set aside the judgment must be denied.

[NOTE. The recent case of State v. Sullivan, 50 Fed. Rep. 593, gave rise to a conflict of opinion and jurisdiction between the circuit court for the western district of North Carolina and the supreme court of the state as to the construction of the statute providing for the removal of prosecutions against revenue officers. Rev. St. § 643. The petition in this case was duly verified by oath, and by the certificate of counsel, as required by the act. The circuit court was not in session, and the petition was presented to the deputy clerk of that court, who filed it in his office, and thereupon entered the case on the docket. The defendant not being in custody, no writ of habeas corpus cum causa was issued, but the deputy issued a writ of certiorari, which was directed, not to the state court or any officer thereof, but to the United States marshal, commanding him to make known the facts recited. The marshal served the writ by leaving with the clerk of the state court a duplicate copy. The state court, however, refused to surrender jurisdiction, and, against the defendant's protest and exception, a trial was had, and he was convicted. He thereupon took an appeal to the state supreme court, where the judgment was affirmed, (14 S. E. Rep. 796;) that court holding that the proper writ for the case was habeas corpus cum causa, and that the state court was not bound to take notice of the writ actually issued and served; that the law required the clerk to approve the petition before filing it, and that this act was judicial; and not ministerial, in its nature, and therefore must be performed by the clerk himself, and not by his deputy; that the fact of the clerk's approval, as well as the fact that the petition had been filed and the cause entered on the docket, must appear on the face of the writ issued to the state court; that the writ must state in substance the ground of the authority of the federal court; and that because of these omissions the writ in this case was void, and did not deprive the state court of jurisdiction. Thereafter a motion was made in the federal court to proceed with the trial, and on the question of jurisdiction two opinions were delivered by Dick, J., one before and one after the opinion of the state supreme court was called to his attention. In these opinions he held substantially the contrary of all the propositions maintained in the state court, basing his decision on the proposition that the removal is effected, and complete jurisdiction acquired, immediately upon the filing of a proper petition in the clerk's office of the federal court, and that the subsequent issuance of the writ of certiorari or habeas corpus cum causa is but the use of auxiliary process and the performance of a ministerial duty, and concluding therefrom that any defects in the writ were mere irregularities, which should have been disregarded by the state court.]